

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00500-CR

Edward **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR3128
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 22, 2015

AFFIRMED AS MODIFIED

Edward Romero challenges his conviction for the offense of aggravated assault causing serious bodily injury to a family member while using a deadly weapon.  *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011).  In his sole issue on appeal, Romero claims the jury erred in failing to find him not guilty based on self-defense.  We modify the judgment of the trial court to correct clerical errors, and affirm the judgment as modified.

## BACKGROUND

Romero and his wife Melissa separated on December 1, 2012. Melissa testified that shortly thereafter, on the night of January 11, 2013, she was sleeping in her bedroom when Romero entered her apartment through a window and attacked her with a knife. Melissa sustained four stabs wounds on her arm and one on her neck. Romero claimed he went to his wife's apartment in order to see his children. He was accompanied by his cousin, Tatiana, although she did not enter the apartment until after the incident occurred. Tatiana testified that Melissa appeared calm and did not want to go to the hospital for treatment. Tatiana suggested that they all go to her aunt's house, so Romero drove Melissa, Tatiana, and the children to the house of her aunt, Liz. Liz convinced Melissa to go to the hospital, and took her there while Romero stayed with the children. The emergency trauma physician who operated on Melissa's neck testified that the wounds she received constituted serious bodily injury. Romero was arrested at Liz's home soon thereafter. The San Antonio Police Department Injured Prisoner Report Form states that Romero had a "small nick" on the inside of his left wrist upon arrest. Treatment notes from later that night indicate that Romero had a "superficial stab wound" to the left hand.[1] The jury found Romero guilty as charged in the indictment and the trial court assessed punishment, enhanced by prior felony convictions, at life imprisonment.

## STANDARD OF REVIEW

On appeal, Romero contends "the jury erred in not finding [him] not guilty based on [his] assertion of Self-Defense." We interpret this contention as an assertion that the evidence is insufficient to support the jury's implicit rejection of his claim that he acted in self-defense. A person is justified in using force against another "when and to the degree the actor reasonably

---

[1] Additional medical records indicate that Romero had two stab wounds to the left hand and that he later underwent ulnar nerve repair surgery.

believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011). Once a defendant produces some evidence raising the issue of self-defense, the State bears the burden of persuasion to show beyond a reasonable doubt that the defendant's actions were not justified. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). To meet its burden of persuasion, the State is not required to produce additional evidence. *Saxton*, 804 S.W.2d at 913. If the jury finds the defendant guilty, it has made an implicit finding against any defensive theory raised by the defendant. *Id.* at 914; *Zuliani*, 97 S.W.3d at 594.

When a defendant challenges the legal sufficiency of the evidence to support the jury's implicit rejection of his self-defense claim, "we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt." *Saxton*, 804 S.W.2d at 914; *see Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (legal sufficiency review involves consideration of all the evidence and reasonable inferences viewed in the light most favorable to the verdict to determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt); *see also Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App. 2005). In conducting a legal sufficiency review, we defer to the jury's assessment of the credibility of the witnesses and the weight to be given to their testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

## DISCUSSION

Romero was indicted for the offense of aggravated assault by causing serious bodily injury to a family member while using a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1).

The jury was instructed to find Romero guilty if they found beyond a reasonable doubt that he "intentionally, knowingly, or recklessly cause[d] serious bodily injury to Melissa Romero, a member of the defendant's family[,]…by cutting or stabbing Melissa Romero with a deadly weapon, namely, a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, as alleged in the indictment[.]" The charge also instructed the jury to acquit Romero if it found he acted in self-defense.

Romero contends the evidence is legally insufficient to support the jury's implicit rejection of his claim of self-defense because knife wounds were apparent on both Romero and Melissa and there were no eyewitnesses to the fight. Further, State's witness Tatiana testified that Melissa did not indicate to her that Romero was the perpetrator and that Melissa was calm and voluntarily got into Romero's vehicle after refusing to go to the hospital. Tatiana also testified that she had seen Melissa's violent behavior toward Romero in the past.

Self-defense, however, is a fact issue for the jury to determine. *Saxton*, 804 S.W.2d at 913; *Miranda v. State*, 350 S.W.3d 141, 148 (Tex. App.—San Antonio 2011, no pet.). Here, the record contains Melissa's testimony that Romero came in through the window and attacked her with a knife while she was in bed. Melissa had stab wounds on her neck and arm. The doctor who treated her testified the wounds were serious enough to put her life in danger. The only evidence suggesting that Romero acted in self-defense were medical records indicating he had a superficial stab wound on his left hand. Treatment notes stated that the laceration appeared to be self-inflicted.

Based on this evidence, a reasonable fact finder could find that Romero did not act in self-defense when he stabbed Melissa. *See Miranda*, 350 S.W.3d at 149. The jury, as the finder of fact, resolved any conflicts in the evidence, determined the weight to give the evidence presented, and evaluated the credibility of the witnesses. *See Jackson*, 443 U.S. at 319; *DeLeon v. State*, 937 S.W.2d 129, 131 (Tex. App.—Waco 1996, pet. ref'd). The jury implicitly rejected Romero's claim

of self-defense, and determined that Romero was guilty of aggravated assault causing serious bodily injury to a family member while using a deadly weapon. We hold that there was legally sufficient evidence to support the jury's finding beyond a reasonable doubt that Romero intentionally, knowingly, or recklessly stabbed Melissa with a knife, that Melissa was his wife, and that Melissa suffered serious bodily injury. *See Qalawi v. State*, No. 13-14-00033-CR, 2015 WL 3637818, at *4 (Tex. App.—Corpus Christi June 11, 2015, no. pet. h.) (mem. op.); *see Jackson*, 443 U.S. at 318-19; *Brooks*, 323 S.W.3d at 895, 899; *see also* TEX. PENAL CODE ANN. §§ 22.01, 22.02 (West Supp. 2014 & 2011).

## CONCLUSION

Based on the foregoing reasons, we overrule Romero's issue on appeal. We note that the judgment contains two clerical errors, incorrectly stating that the jury found him guilty of capital murder and that the jury assessed punishment. We modify the judgment to correct those clerical errors and to correctly reflect that the jury found Romero guilty of the offense of aggravated assault by causing serious bodily injury to a family member while using a deadly weapon, as charged in the indictment. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1). We further modify the judgment to correctly reflect that the trial court, not the jury, assessed punishment, and therefore strike the portion of the judgment purporting to reflect the jury's verdict on punishment. *See* TEX. R. APP. P. 43.2(b). As modified, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

Do Not Publish